IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL LYNN BRADDEN #1171646 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv74 |
| GUY FERGUSON, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Michael Bradden, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c). As Defendants, Bradden named Sgt. Guy Ferguson and Sgt. Jason Brown.

An evidentiary hearing was conducted on June 11, 2009. At this hearing and in his complaint, Bradden stated that on October 26, 2008, he was assaulted by Sgt. Ferguson, who knocked him to the floor. Bradden says that he was taken to the infirmary on a stretcher because he could not walk, and that he had to be taken to Palestine Memorial Hospital. He said that Sgt. Brown failed to intervene to protect him from the assault. After being seen at the hospital, Bradden says, he was brought back to the unit without any clothing except for his shorts. He says that it was cold outside and that the van was "cool." Bradden says that this also amounted to cruel and unusual punishment.

Legal Standards and Analysis

Court records show that Bradden has previously filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Bradden v. Adams, et al., civil action no. 6:04cv462 (E.D.Tex., dismissed as frivolous March 29, 2005, *aff'd* April 11, 2006); Bradden v. Texas Board of Pardons and Paroles, et al., civil action

no. 6:99cv163 (E.D.Tex., ,dismissed as frivolous pursuant to Heck v. Humphrey, 114 S.Ct. 2364 (1994), no appeal taken;[1] Bradden v. State of Texas, civil action no. 3:06cv925 (N.D.Tex., dismissed as frivolous July 27, 2006, no appeal taken); Bradden v. Richards, et al., civil action no. 6:93cv170 (E.D.Tex., dismissed for want of subject matter jurisdiction in that the claims were "frivolous or a mere matter of form" and too insubstantial to confer federal jurisdiction, no appeal taken).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Bradden has at least three strikes and thus falls under the Act. The present lawsuit was signed well after the enactment of the Act.

The Fifth Circuit has addressed the validity and scope of 28 U.S.C. §1915(g). Carson v. Johnson, 112 F.3d 818 (5th Cir. 1997). In Carson, the plaintiff argued that 28 U.S.C. §1915(g) was unconstitutional because it blocks access to the courts and discriminates against prisoners. However, the court held that 1915(g) does not block prisoners from filing civil rights lawsuits, but merely from seeking *in forma pauperis* status to do so. The court noted that deterring frivolous and malicious lawsuits is a legitimate state interest and said that "Carson's own lengthy litigation history is the strongest possible argument for the PLRA's rationality." The same is true for Bradden's history of filing frivolous lawsuits.

On December 31, 1996, the Fifth Circuit decided another case dealing with 28 U.S.C. §1915(g). Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996). In this case, the Fifth Circuit stated as follows:

---

[1] A dismissal pursuant to Heck counts as a strike for purposes of 28 U.S.C. §1915(g). German v. Baker, 124 Fed.Appx. 257 (5th Cir., Feb. 23, 2005) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2005 WL 419500).

2

> Section 1915(g) is a procedural rule governing the process by which indigent individuals, including prisoners, bring civil actions or appeals in the federal courts. Before amendment, section 1915 allowed qualifying prisoners to bring an action or appeal without prepaying court fees, which are normally in excess of $100. [citation omitted].
>
> The amended provisions of section 1915(b) allow qualifying individuals to pay the filing fee in installments over time. 28 U.S.C. §1915(b), as amended. Although Section 1915(g) attaches consequence to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to court. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedure.

Adepegba, 103 F.3d at 386-87.

The revocation of the privilege bestowed by Section 1915 is not a new phenomenon. The Fifth Circuit stated that before the Prison Litigation Reform Act, courts routinely revoked a prisoner's ability to proceed *in forma pauperis* after numerous dismissals. *See, e.g.*, Green v. Carlson, 649 F.2d 285 (5th Cir. 1981). By enacting Section 1915(g), Congress determined that three prior qualifying dismissals (i.e. dismissals of lawsuits or appeals as frivolous) constituted *per se* abuse of the *in forma pauperis* privilege. Thus, the Fifth Circuit said that the "three strikes" provision of 28 U.S.C. §1915(g) merely codified existing practice in the courts designed to prevent prisoners from abusing the *in forma pauperis* privilege. Adepegba, 103 F.3d at 387.

The court noted that prisoners who are not allowed to proceed *in forma pauperis* may pursue their substantive claims, just like anyone else, by paying the filing fee. This requirement is neither novel nor penal and does not increase the prisoner's liability, but puts those who abuse a privilege on the same footing as everyone else. The Fifth Circuit expressly found that Section 1915(g) did not impair prisoners' rights, increase their liability, or impose a new duty, and concluded by holding that Section 1915(g) was applicable to Adepegba's appeal, despite the fact that this appeal was filed in December of 1995, four months prior to the enactment of the PLRA.

In this case, Bradden has had at least three lawsuits previously dismissed as frivolous, and so comes under the statute. He did not pay the filing fee of $350.00, and he makes no showing that

3

he is facing an imminent threat of serious physical injury as of the time of the filing of the present lawsuit. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The courts have stated that in order to meet the imminent danger requirement of Section 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger. The Fifth Circuit has made clear that the danger faced must be at the time that the complaint is filed.

In the present case, Bradden does not allege, much less show, that he is in imminent danger of serious physical injury or that he faces a genuine emergency where time is pressing. The fact that he suffered an assault in October of 2008 does not show that he was in imminent danger in February of 2009, some fourteen weeks later, when he signed his lawsuit. Baños, 144 F.3d at 885; as noted above, allegations of past harm do not suffice. Abdul-Akbar, 239 F.3d at 315. Because Bradden has not shown that he faces an imminent threat of serious physical injury, and did not pay the full filing fee, his lawsuit must be dismissed pursuant to 28 U.S.C. §1915(g); however, Bradden should be allowed a reasonable period of time in which to pay the filing fee and proceed with his lawsuit should he choose to do so. Such payment of the filing fee would not affect a frivolousness analysis under 28 U.S.C. §1915A. It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and

4

upon payment of the full $350.00 filing fee. Should Bradden pay the full filing fee within 30 days after the date of entry of final judgment, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **11** day of **August, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE